## UNITED STATES COURT OF INTERNATIONAL TRADE

YOUR STANDING INTERNATIONAL, INC.,

                   Plaintiff,

      v.

THE UNITED STATES,

                   Defendant.

Court No. 24-00055

## COMPLAINT

Plaintiff Your Standing International, Inc. ("Your Standing"), by and through its attorneys, Fox Rothschild LLP, alleges and states as follows:

## THE ADMINISTRATIVE DECISION TO BE REVIEWED

1.  Plaintiff Your Standing contests certain aspects of the final determination of the antidumping duty administrative review *Certain Steel Nails From Taiwan: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Final Determination of No Reviewable Sales; 2021-2022* (A-583-854) issued by the International Trade Administration of the United States Department of Commerce ("Commerce" or "the Department"). The contested determination covered Plaintiff's exports of steel nails to the United States that were made between July 1, 2021, through June 30, 2022.

2.  Notice of the final determination was published in the Federal Register on February 1, 2024.  *See Certain Steel Nails From Taiwan: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Final Determination of No Reviewable Sales; 2021-2022*, 89 Fed. Reg. 22 (February 1, 2024).  Commerce issued the contested final determination on January 26, 2024, with its findings and conclusions set forth in an accompanying

Issues and Decision Memorandum for the Final Determination ("Final I&D Memo"). The final

determination calculated an antidumping duty rate of 26.28% for Plaintiff Your Standing.

## **JURISDICTION**

4.      Plaintiff brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and

§ 1516a(a)(2)(B)(iii) to contest the aforesaid final determination. This Court has sole jurisdiction

over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## **STANDING**

3.      Plaintiff, a Taiwanese producer and exporter to the United States of steel nails, is

an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3).

As an interested party that actively participated in the underlying administrative proceeding,

Plaintiff has standing to bring this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C.

§ 2631(e).

## **TIMELINESS**

4.      This action is timely as this Complaint is being filed within 30 days of the filing of

the Summons that initiated this case. *See* Rule 3(a)(2) of the Rules of the U.S. Court of

International Trade and 28 U.S. § 2636 (c).

## **STANDARD OF REVIEW**

5.      This Court reviews final determinations of antidumping administrative reviews

issued by Commerce pursuant to 19 U.S.C. § 1675 to determine whether they are "unsupported by

substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C.

§ 1516a(b)(1)(B)(iii)

## **STATEMENT OF FACTS**

6.      Commerce initiated the contested antidumping administrative review on September

9, 2022. *Certain Steel Nails from Taiwan: Initiation of Antidumping Administrative Review*, 87

Fed. Reg. 171 (September 6, 2022). Plaintiff Your Standing participated in the investigation as a

mandatory respondent.

7.      Your Standing responded fully to all questionnaires and information requests issued by Commerce in a complete and timely manner.  On May 17, 2023, Commerce specifically requested that the parties submit comments on constructed value ("CV") profit and selling expenses because it had found that Your Standing had no viable home or third country market for sales of the merchandise under consideration.  The Petitioner responded to this request on May 31, 2023, providing the financial statements of multiple Taiwanese companies, including San Shing and Chun Yu.  The Petitioner urged Commerce to use the financial statements of these companies to calculate the CV profit and selling expenses for Your Standing.  Your Standing responded to the Petitioner's comments on June 7, 2023.

8.      On August 3, 2023, Commerce issued its preliminary determination, in which it chose to use the financial statements for San Shing and Chun Yu to calculate the CV profit and selling expenses for Your Standing. *Certain Steel Nails From Taiwan: Preliminary Results of Antidumping Duty Administrative Review, Preliminary Determination of No Shipments, Preliminary Determination of No Reviewable Sales, and Partial Rescission of Review*; *2021-2022*, 88 Fed. Reg. 148 (August 3, 2023).  Commerce relied on these companies' financial statements because both companies were Taiwanese producers of products comparable to the subject merchandise.  Reliance on these financial statements for CV profit and selling expenses yielded a preliminary antidumping duty rate of 23.16%.

9.      Your Standing underwent verification of its questionnaire responses from December 4, 2023 through December 8, 2023.  Commerce was able to verify the information provided in Your Standing's questionnaire responses and noted no discrepancies.

10.     In its case brief following verification, Your Standing argued that the Department's use of San Shing's financial ratios to calculate CV profit and selling expenses in the *Preliminary Results* was improper because sales in the home market of Taiwan comprised only a small fraction of San Shing's annual sales.  The financial statements demonstrated that most of its sales were

based in the United States rather than Taiwan. Your Standing also argued that the products sold by San Shing were not comparable to the subject merchandise since San Shing produced various automotive products, not steel nails or other comparable merchandise.

11.     Commerce issued its final results and the accompanying issues and decision memorandum on January 29, 2024.  In its final determination, Commerce continued to find San Shing's financial statements to be suitable for calculating the CV profit and selling expenses for Your Standing.   Commerce determined that San Shing's financial statements were a suitable source of data because San Shing produced fasteners, a comparable merchandise to steel nails, during the period of investigation.  Commerce found further that it was appropriate to use San Shing's financial statements to calculate CV profit and selling expenses because over 70 percent of San Shing's sales were made to entities in markets outside the United States.  Commerce published its final results on February 1, 2024, calculating a weighted-average dumping margin of 26.28%. *Certain Steel Nails From Taiwan: Final Results of Antidumping Duty Administrative Review, Final Determination of No Shipments, and Final Determination of No Reviewable Sales; 2021-2022*, 89 Fed. Reg. 22 (February 1, 2024).

12.     On March 1, 2024, Your Standing filed a timely Summons to contest Commerce's final determination in the antidumping administrative review.

## STATEMENT OF CLAIMS AND BASES FOR RELIEF

## COUNT 1

13.     Paragraphs 1-12 are incorporated by reference herein.

14.     Commerce is required under 19 U.S.C. § 1677b(e)(2)(A) to calculate the constructed value of profit and selling expenses for an examined exporter or producer by using the actual amounts incurred or realized by that company in connection with the sale and production of a foreign like product in that company's home market country. When the actual data required under § 1677b(e)(2)(A) is not available, Commerce is permitted under 19 U.S.C. § 1677b(e)(2)(B) to select one of three alternative methods to calculate profit and expenses.   First, under 19 U.S.C. § 1677b(e)(2)(B)(i) Commerce may use the actual

amounts of the investigated producer's or exporter's profit and selling expenses for merchandise that is in the same general category of products as the subject merchandise sold in the foreign country. Second, under 19 U.S.C. § 1677b(e)(2)(B)(ii), Commerce may use the weighted average of the actual amounts incurred by exporters or producers subject to the investigation, other than the specific exporter being examined, for profits and selling expenses related to the production and sale of a foreign like product in the foreign country. Finally, under 19 U.S.C. § 1677b(e)(2)(B)(iii), Commerce may use "any other reasonable method to calculate the constructed value profit and indirect selling expenses of the examined company."

15.     Commerce chose to use "any other reasonable method" under 19 U.S.C. § 1677b(e)(2)(B)(iii) in the case at issue.   Commerce followed its established practice of evaluating the financial statements based on the following four criteria: 1) the similarity of the potential surrogate companies' business operations and products to the respondent's business operations and products; 2) the extent to which the financial data of the surrogate company reflect sales in the home market and do not reflect sales to the United States; 3) the contemporaneity of the data to the POR; 4)  and the extent to which the customer bases of the surrogate and the respondent were similar.[1]

16.     The record evidence demonstrates that Commerce's selection of San Shing's financial statements as one of the sources for constructed value profit and indirect selling expenses in its final determination was unsupported by substantial evidence and not in accordance with law. First, the products sold by San Shing during the period of review were not comparable to the products sold by Your Standing.  Your Standing is a producer of steel nails, while San Shing produces a variety of products, including automotive bolts, which are entirely different than steel nails.

17.     Second, San Shing's financial statements reflect sales to the United States and other markets rather than sales in the home market of Taiwan.  Less than 15% of San Shing's sales during the POR were made to entities in Taiwan.  The United States was San Shing's largest

---

[1] *See Notice of Final Determination of Sales at Less Than Fair Value: Pure Magnesium from Israel*, 66 Fed. Reg.  49349 (September 27, 2001), and accompanying Issues and Decision Memorandum ("IDM") at Comment 8; *see also Notice of Final Determination of Sales at Less Than Fair Value: Certain Color Television Receivers from Malaysia*, 69 Fed. Reg. 20592 (April 16, 2004) and accompanying IDM at Comment 26.

market, comprising nearly 30% of sales during the POR.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) hold that Commerce improperly used the financial statements of San Shing to calculate the CV profit and selling expenses for Your Standing,

b) remand the final determination to Commerce with instructions to recalculate the CV profit and selling expenses for Your Standing based on the financial statements of a different Taiwanese manufacturer of merchandise comparable to steel nails from Taiwan,

c) provide further and other relief in accordance with the Court's decision.

Respectfully submitted,

*/s/ Alexander D. Keyser*
Lizbeth R. Levinson
Brittney R. Powell
Alexander D. Keyser

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC  20006
Tel: (202) 794-1183
Email: akeyser@foxrothschild.com

*Counsel to Plaintiff Your Standing*
*International, Inc.*

## CERTIFICATE OF SERVICE

***Your Standing International, Inc. v.* United States**
**CIT Court No. 24-00055**

I, Lizbeth R. Levinson, certify that on April 1, 2024, copy of the foregoing Complaint was served upon the following parties by certified mail, return receipt requested:

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, NW
Washington, DC 20230

Attorney-In-Charge
International Trade Field Office
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
26 Federal Plaza
Room 346
New York, NY 10278

Rosa S. Jeong, Esq.
Greenberg Traurig, LLP
2101 L Street NW
Suite 1000
Washington DC 20037
Phone: 2023313100
Email: jeongr@gtlaw.com

Ned H. Marshak, Esq.
Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP 1
201 New York Avenue NW,
STE 650
Washington DC 20005
Phone: 212-557-4000
Email: nmarshak@gdlsk.com

Kelly Alice Slater, Esq.
Appleton Luff Pte Ltd
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC 20036
Phone: 301-649-2149
Email: slater@appletonluff.com

Nithya Nagarajan, Esq.
Husch Blackwell LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006
Phone: 2023782300
Email: nithya.nagarajan@huschblackwell.com

*/s/ Lizbeth R. Levinson*
Lizbeth R. Levinson

155844781.1